IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHGALE ANTOINE MITCHELL,   )
                             )
        Movant,           )
                             )
vs.                          )   Case No.  2:07-cv-1054-WMA-TMP
                             )
RALPH HOOKS, Warden; and     )
THE ATTORNEY GENERAL         )
OF THE STATE OF ALABAMA,     )
                             )
        Respondents.      )

**<u>MEMORANDUM OPINION</u>**

      This is an action by an Alabama state prisoner pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of the capital murder convictions he received on February 7, 2002,[1] in the Circuit Court of St. Clair County.  The petitioner, Michgale Antoine Mitchell, filed his *pro se* petition for writ of *habeas corpus* no earlier than May 31, 2007.[2]  He is incarcerated at the St. Clair Correctional Facility in Springville, Alabama.

---

[1] The respondents allege that petitioner was convicted on February 2, 2002, and refer to the petition and the appellate opinion affirming the conviction to support that date.  The petition lists the date of conviction as February 7, 2002, and the opinion does not provide a conviction date. Accordingly, the court accepts the petitioner's later date of February 7, 2002, as that is the date most favorable to him in the calculation of the timeliness of this filing.

[2] Although the petition was received by the Clerk on December 8, 2006, it apparently was signed by petitioner on December 6, 2006, and arguably was delivered to prison officials for mailing on that date.  The court will deem that date to be the date of filing, pursuant to the "prisoner mailbox rule."  Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); Garvey v. Vaughn, 993 F.2d 776 (11th Cir. 1993).

**PROCEDURAL HISTORY**

On February 7, 2002, petitioner was convicted after a jury trial of two counts of capital murder in violation of Alabama Code § 13A-5-40(17) and (18). These statutes provide that:

(a) The following are capital offenses:

* * *

(17) Murder committed by or through the use of a deadly weapon while the victim is in a vehicle.
(18) Murder committed by or through the use of a deadly weapon fired or otherwise used within or from a vehicle.

Ala. Code § 13A-5-40(17) & (18).

Petitioner was charged with shooting a pistol and killing a man while he and the victim were traveling in a car. He was sentenced to life in prison without the possibility of parole. He appealed, and the Alabama Court of Criminal Appeals affirmed by unpublished memorandum opinion dated August 18, 2003. He sought rehearing, which was denied, and he then petitioned the Alabama Supreme Court for *certiorari* review. The Alabama Supreme Court denied *certiorari* and a certificate of judgment was entered on September 19, 2003. His conviction became final upon the expiration of 90 days to seek *certiorari* in the United States Supreme Court, or on December 18, 2003.

Petitioner first sought post-conviction relief pursuant to Alabama Rule of Criminal Procedure 32 on August 31, 2004. The trial court summarily dismissed the petition without a hearing by order dated June 7, 2005. Petitioner appealed, and the Alabama Court of Criminal Appeals affirmed by memorandum opinion on October 21, 2005. Petitioner did not seek further

review in the Alabama Supreme Court, and a certificate of judgment was entered on November 9, 2005.

Petitioner filed a second Rule 32 petition on September 12, 2006, asserting that his conviction violated his due process rights in that the conduct for which he was charged did not include the type of conduct the Alabama Legislature intended to punish when it enacted Alabama Code § 13A-5-40(18). The petition was summarily denied by order dated March 1, 2007. Petitioner appealed, and the Alabama Court of Criminal Appeals affirmed by unpublished memorandum dated August 24, 2007, stating:

> The appellant, Michgale Antione Mitchell, appeals from the circuit court's dismissal of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his two February 2002 convictions for capital murder and his resulting sentence of life imprisonment without parole. On April 18, 2003, this Court affirmed Mitchell's convictions and sentence, by unpublished memorandum. Mitchell v. State, (No. CR-01-1129), 880 So. 2d 502 (Ala.Crim.App. 2003)(table). A certificate of judgment was issued on September 19, 2003.
>
> On August 31, 2004, Mitchell filed his first Rule 32 petition which was denied by the trial court on June 7, 2005. On October 21, 2005, this Court affirmed the circuit court's denial of Mitchell's first Rule 32 petition, by unpublished memorandum Mitchell v. State (No. CR-04-2079), ___ So.2d ___ (Ala.Crim.App. (2005)(table). A certificate of judgment was issued on November 9, 2005.
>
> On August 29, 2006, Mitchell filed the instant Rule 32 petition, his second, wherein he alleged: (1) that his conviction violated due process because, he said, "it is based on less than all the elements required for a conviction under § 13A-5-40(a)(18), Alabama Code 1975"; and (2) that the "Legislative intent and/or Resolution under Act Number 2006-642, Bill Number HJR-575 is also applicable to his conviction under Subsection (17), where the Statutes enumerated at §13A-5-40(a)(17) and (18), deal with the same subject matter and thus should be construed in para materia." On October 25, 2006, the State filed a motion to dismiss Mitchell's second Rule 32 petition wherein it argues that Mitchell's claims were both precluded from appellate review and without merit. On March 1, 2007 the circuit court issued an order dismissing Mitchell's petition. This appeal followed.

On appeal, Mitchell reasserts the claims presented in his petition to the trial court. He further argues that his claims can not be procedurally barred under Rule 32.3, Ala.R.CrimP., because, he says, his conviction is unauthorized pursuant to Act 2006-642.

Mitchell's challenges to his convictions are predicated on his argument that the Alabama Legislature's action in passing Act No. 2006-642 invalidates his conviction for capital murder. This Act constituted a joint resolution concerning the legal interpretation of § 13A-5-40(a)(18), Ala.Code 1975, the capital offense of which Mitchell was found guilty. The resolution stated that the Legislature's intent in passing § 13A-5-40(a)(18) was to address "drive-by shootings," that is, "murder committed by or through the use of a deadly weapon fired or otherwise used within or from a vehicle which murders were gang-related or intended to incite public terror or alarm." The resolution further urged the Attorney General and district attorneys "to charge with violating [§ 13A-5-40(a)(18)] only those individuals who commit murder by or through the use of a deadly weapon fired or otherwise used within or from a vehicle." Finally, the resolution urged this Court and the Alabama Supreme Court "to review at the earliest opportunity the interpretation of [§ 13A-5-40(a)(18)] and hold that it applies only to those individuals who commit murder by or through the use of a deadly weapon fired or otherwise used within or from a vehicle if the vehicle is an instrumentality or otherwise involved in the murder."

Mitchell argues that pursuant to Act No. 2006-642 he should not have been charged with capital murder under § 13A-5-40(a)(18), because, he says, there was no evidence that the murder was gang-related nor was the motor vehicle an instrumentality in the murder or otherwise involved in the murder. Mitchell further asserts that his claims are not subject to the procedural bars provided in Rule 32.2 because, he says, his capital murder convictions are based on a misinterpretation of § 13A-5-40(a)(18) and his convictions are, therefore, unauthorized by law. He maintains that his claims are jurisdictional claims, thus, he says, he is entitled to raise these claims in a successive Rule 32 petition. However, given that Act No. 2006-642 is merely a joint legislative resolution and has no force of law, all of his arguments must fail.

As previously stated, Act No. 2006-642 constituted a joint legislative resolution concerning the legal interpretation of § 13A-5040(a)(18), Ala.Code 1975, the capital offense of which Mitchell was found guilty. The Alabama Supreme Court has consistently held that a legislative resolution has no force of law. As the Court stated in <u>Wright v. Childree</u>, [Nos. 1050164 and1050208, December 26, 2006] ___ So. 2d ___, ___ (Ala. 2006):

> "This Court has clearly stated, however, that "[a] resolution is not a law but merely the form in which the legislature expresses an opinion. The Legislature has no power to make laws by resolution.' Gunter v. Beasley, 414 So. 2d 41, 43 (Ala. 1982). Therefore, even though Act No. 2002-129 set out the legislature's intent post-enactment, it is not controlling in deciding the issue before us."

See also Bama Budweiser, Inc. V. Anheuser-Bush, 783 So. 2d 792, 298 (Ala. 2000); Gunter v. Beasley, 414 So.2d 41, 43 (Ala. 1982); Opinion of the Justices No. 275, 396 So.2d 81, 83 (Ala. 1981). Moreover, a statute cannot be amended by a joint resolution of the Legislature. Opinion of the Justices No. 265, 381 So. 2d 183, 185 (Ala. 1980). Thus, regardless of what the Alabama Legislature's intent was when it enacted § 13A-5-40(a)(18), Ala.Code 1975, the plain language of this statute made the fatal shooting of the victim while inside a car a capital offense. Accordingly, Mitchell's claim concerning the effect of this joint legislature resolution on his conviction and sentence are without merit. Thus, the circuit court did not err in summarily dismissing Mitchell's second Rule 32 petition.

Mitchell also argues that the resolution is applicable to § 13A-5-40(a)(17), which applies to murders when the victim is inside a vehicle. As the State correctly points out in its brief to the Court, the legislature gave no indication that the resolution would also cover § 13A-5-40(a)(17). Thus, there is no merit to this argument.

Rule 32.7(d), Ala.R.Crim.P., authorizes the trial court to summarily dismiss a petitioner's Rule 32 petition:

> "[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition."

See also Hannon v. State, 861 So. 2d 426, 427 (Ala.Crim.App. 2003); Cogman v. State, 852 So. 2d 191, 193 (Ala.Crim.App. (2002); Tatum v. State, 607 So. 2d 383, 384 (Ala.Crim.App. 1992). Because Mitchell's claims are precluded and without merit, summary disposition was appropriate.

Based on the foregoing, the judgment of the trial court is affirmed.

AFFIRMED.

Petitioner does not assert that he applied for rehearing or that he sought further relief in the Alabama Supreme Court.[3]

Petitioner filed the instant *pro se* petition for writ of *habeas corpus* on May 31, 2007. He asserts the same claim he raised in the second Rule 32 petition. Pursuant to the court's order to show cause, respondents filed an answer, supported by exhibits, on July 23, 2007, asserting that the petition is time-barred. By order dated July 27, 2007, the parties were notified that the petition would be considered for summary disposition, and the petitioner was notified of the provisions and consequences of this procedure under Rule 8 of the Rules Governing § 2254 Cases. Petitioner filed a traverse on August 2, 2007. On October 9, 2007, this court entered an order directing petitioner to show cause why the instant petition should not be dismissed without prejudice so petitioner could exhaust his claim in state court. Petitioner filed a response and a motion to stay on October 17, 2007, which demonstrated that the claim asserted in this court had been raised in the state courts. On November 1, 2007, petitioner filed a motion for summary judgment, along with a "Statement of Undisputed Facts," and a brief.

## TIMELINESS

---

[3] Because petitioner apparently did not seek relief in the Alabama Supreme Court, it appears that his claims would be due to be dismissed for the separate and independent reason set forth in O'Sullivan v. Boerckel, 119 S. Ct. 1728, 526 U.S. 838, 144 L. Ed. 2d 1 (1999). As explained in O'Sullivan, exhaustion principles requires the petitioner to pursue his claims through the state's court of last resort.

The respondents raise the issue that the instant petition may not be considered by the court because it is time-barred pursuant to 28 U.S.C. § 2244(d)(1). The court agrees that the time for the filing of this petition expired more than nine months before the instant petition was filed, and the issues raised therein cannot now be considered on the merits.

Section 2244(d), enacted April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act of 1996, established for the first time a one-year deadline for the filing of *habeas* actions under § 2254 challenging the validity of state criminal convictions. The one-year limitation runs from the latest of any of four dates, as set forth below:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(d)(1).

It is clear that, under subsection (d)(1)(A), the instant petition would be time-barred, because it was filed more than a year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" as set forth in § 2254(d)(1)(A). In this case, the petitioner's conviction became final no later than December 18, 2003, when the time expired for seeking *certiorari* in the United States Supreme Court.[4] Accordingly, a timely § 2254 petition could have been filed by December 18, 2004.

The limitation period is subject to tolling under § 2244(d)(2), which states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Subsection 2244(d)(2) provides for the tolling of the limitation period during those times the petitioner has pending a "properly filed" post-conviction petition in state court. In this case, petitioner filed a Rule 32 petition on August 31, 2004, after 257 days of his 365-day period had expired. Petitioner is entitled to the tolling effect of § 2244(d)(2) from the time he first filed a petition for post-conviction relief on August 31, 2004, until it was ultimately resolved by the Alabama Court of Criminal Appeals on November 9, 2005. At that time, petitioner had 108 days remaining in which to timely file a *habeas* petition in federal court, making any petition filed by February 26, 2006, timely.

---

[4] The respondents' conclusion regarding the timeliness of the instant petition is correct, although their calculation is not. They have not given the petitioner the benefit of the time during which he could have sought review in the Supreme Court. See, *e.g.*, Cramer v. Department of Corrections, 461 F.3d 1380, 1383-84 (11th Cir. 2006).

Petitioner filed the instant petition for writ of *habeas corpus* no earlier than December 6, 2006, more than nine months after the one-year period expired. Petitioner's second Rule 32 petition was not filed until September 2006, about seven months after the one-year period expired. Accordingly, it had no tolling effect because there was nothing left to toll.

In petitioner's traverse, he asserts that he bases his claim on "new evidence" that the state legislature's intent behind the statute under which his crime was made capital was not to punish as capital the conduct for which he was convicted.[5] Essentially, petitioner argues that his petition is timely pursuant to § 2244(d)(1)(D), in that it was filed within a year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Assuming without deciding that the petitioner did file the instant petition within a year of the date on which he could have discovered the Joint Resolution on which he relies, the resolution does not constitute a "*factual* predicate of the claim" because it does not support a claim for relief. As discussed *infra*, the resolution does not provide any basis for relief. At most, the Joint Resolution was a post-judgment change in the law, not a new "fact." Accordingly, § 2244(d)(1)(D) does not apply, and the instant petition is untimely.

## CLAIM ADJUDICATED ON THE MERITS IN STATE COURT

---

[5] Petitioner was convicted of a capital murder for shooting and killing a man while both were riding in a car. In Acts 2006, No. 06-642, the Alabama legislature stated that its intent in enacting Alabama Code § 13A-5-40(a)(18), which makes a murder committed in or from a motor vehicle a capital crime, was to "apply only to murders committed by or through the use of a deadly weapon fired or otherwise used within or from a vehicle if the motor vehicle was in some manner an instrumentality or otherwise involved in the murder."

Even if it can be argued that the adoption of the Joint Resolution were a "fact" triggering the application of § 2244(d)(1)(D), so that the petition was not untimely, petitioner still would be entitled to no relief.

The claim[6] that petitioner raises in the instant petition was raised in the second Rule 32 proceedings and was adjudicated on the merits in the state courts. The crux of petitioner's argument is this: The Alabama Legislature passed a Joint Resolution in 2006, Acts 2006 No. 06-642, which expressed an opinion that § 13A-5-40(18) be charged only in cases involving drive-by shootings and gang-related violence. He argues further that because he was not involved in a drive-by shooting and was not engaging in gang activity, his conviction under subsection (18) should be vacated, and that the resolution should apply also to subsection (17), negating that conviction as well. In addressing the same issues, the Alabama Court of Criminal Appeals held that the claims were without merit. The state appellate court specifically noted that the resolution carried "no force of law" and that such resolutions are "merely statements of opinion" by the legislature.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the petitioner can obtain relief on these claims only if he shows that the Alabama Court of Criminal Appeals' adjudication of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). See Williams

---

[6] The court views the instant petition as raising a single claim, although petitioner enumerates what is essentially the same claim, applying his argument to both sections of the capital offense statute under which he was convicted: Ala. Code § 13A-5-40(a)(17) and (18).

v. Taylor, 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).  This standard of review is strict, and federal courts are required to give "greater deference to the determinations made by state courts than they were required to under the previous law." Verser v. Nelson, 980 F. Supp. 280, 284 (N.D. Ill. 1997)(quoting Spreitzer v. Peters, 114 F.3d 1435, 1441 (7th Cir. 1997)).

The state-court determination of an issue will be sustained under § 2254(d)(1) unless it is "contrary" to clearly established, controlling Supreme Court law or is an "unreasonable application" of that law.  These are two different inquiries, not to be confused.  The Supreme Court has explained:

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court.  Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United States."  (Emphases added.)

Williams v. Taylor, 529 U.S. 362, 404, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).  A state-court determination is "contrary" to clearly established law in either of two ways:

> First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law.  Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.

Id. at 405.  Likewise, a state-court determination can be an "unreasonable application" of clearly established law in two ways:

> First, a state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of this Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 407; see Putman v. Head, 268 F.3d 1223 (11th Cir. 2001).  Whether the application is "reasonable" turns not on subjective factors, but on whether it was "objectively unreasonable."  The question is not whether the state court "correctly" decided the issue, but whether its determination was "reasonable," even if incorrect.

In this case, the petitioner has failed to demonstrate that the Alabama Court of Criminal Appeals' adjudication of his claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court law.  Although petitioner argues that his claims are supported by Fiore v. White, 531 U.S. 225 (2001), this court agrees with the Alabama Court of Criminal Appeals that Fiore is easily distinguishable.[7]  He does not argue that the state-court

---

[7] In Fiore the question was not whether a post-judgment *change* in the law applied retroactively to an existing conviction, but whether the law *existing at the time of the conviction* authorized the conviction.  Unlike the instant case, in which the legislature adopted a post-judgment resolution declaring its opinion about the proper interpretation of a statute, Fiore involved the state's highest court's interpretation of the law *as it existed at the time of the conviction*, not as it might have changed afterward.  The Pennsylvania Supreme Court made clear that, at the time of the defendant's conviction, the law required proof of no permit.  In the case before this court, the Alabama state courts had authoritatively construed the Alabama capital offense statute in a way as to authorize this defendant's conviction.  That the Alabama Legislature expressed a different construction *after*

decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. Thus, petitioner has failed to meet his burden of showing that the state court's decision was contrary to established Supreme Court law, and the instant petition is due to be denied under § 2254(d).

Based on the foregoing, the court will DENY and DISMISS WITH PREJUDICE this petition for writ of *habeas corpus*.

DATED this 14th day of August, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

petitioner's conviction became final has no legal effect upon the validity of his conviction. Thus, the resolution reached by the Alabama courts in this case is not "contrary to" or "an unreasonable application of" Fiore.